UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-445-RJC
3:05-cr-14-RJC-1

| | |
|---|---|
| ANTONIO STOWE MCDANIEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | MEMORANDUM OF |
| ) | DECISION AND ORDER |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1], and on the United States of America's Motion to Dismiss Petitioner's Successive Motion to Vacate [Doc. 16].

**I.    BACKGROUND**

The Petitioner was charged in the underlying criminal case with: possession with intent to distribute five grams or more of cocaine base and aiding and abetting the same in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count One); using and carrying a firearm in furtherance of a drug trafficking crime, i.e., possession with intent to manufacture cocaine base in violation of 18 U.S.C. § 924(c) (Count Two); possession of a firearm by felon in violation of 18 U.S.C. § 922(g)(1) (Count Three); and possession of body armor after having been previously convicted of a crime of violence, i.e., assault on a Deputy United States Marshal with a deadly weapon, in violation of 18 U.S.C. § 931(a)(1) (Count Four). [3:05-cr-14-RJC ("CR") Doc. 3 (Bill of Indictment)]. Petitioner pleaded guilty to Count Four and a jury found him guilty of Counts One through Three. [CR Doc. 33 (Stipulation); CR Doc. 35 (Verdict)]. The Court sentenced Petitioner to: 151 months'

imprisonment for Count One, 120 months for Count Three, and 36 months for Count Four, concurrent; and 300 months for Count Two, consecutive. [CR Doc. 41 (Judgment)]. The Fourth Circuit Court of Appeals affirmed on direct appeal, and the United States Supreme Court denied certiorari. United States v. McDaniel, 290 F. App'x 562 (4th Cir. 2008), *cert. denied* 129 S.Ct. 586 (2008). Petitioner filed a § 2255 proceeding in 2009 which was dismissed, Case No. 3:09-cv-366-RJC. McDaniel v. United States, 2011 WL 940505 (W.D.N.C. March 15, 2011); United States v. McDaniel, 440 F. App'x 218 (4th Cir. 2011) (dismissing Petitioner's appeal). In 2011, the Court reduced Petitioner's sentence to a total of 430 months' imprisonment pursuant to Amendment 706 to the U.S. Sentencing Guidelines. [CR Doc. 78].

Petitioner filed the instant § 2255 Motion to Vacate on June 21, 2016.[1] [Doc. 1]. He argues that his § 931 conviction in Count Four and his recidivist § 924(c) sentence in Count Two, must be vacated because his prior § 924(c) conviction in Case No. 3:93-cr-129-GCM is invalid pursuant to Johnson v. United States, 576 U.S. 591 (2015). Specifically, he argued that the predicate offense upon which the 1993 § 924(c) conviction was based, i.e. assault on a federal officer in violation of 18 U.S.C. § 111, is not a "crime of violence" under Johnson. See 3:16-cv-371-GCM. This Court stayed the instant case at the parties' request pending the resolution of Petitioner's collateral challenge to the 1993 conviction.[2] [Docs. 7, 11]. Judge Mullen rejected Petitioner's challenge to the 1993 conviction and, on October 20, 2023, the Fourth Circuit affirmed. See United States v. McDaniel, 85 F.4th 176 (4th Cir. 2023). This Court lifted the stay in the instant case on October 26, 2023, and ordered the United States to respond to Petitioner's Motion to Vacate. [Doc. 15].

---

[1] The Fourth Circuit granted Petitioner authorization to file a second or successive Motion to Vacate. [See Doc. 3].

[2] The Court had also stayed the matter pursuant to the Fourth Circuit's consideration of United States v. Ali, which was fully resolved in 2021. See 991 F.3d 561 (4th Cir. 2021), *cert. denied* 142 S.Ct. 486 (2021).

The United States filed a Motion to Dismiss on November 13, 2023. [Doc. 16]. The Petitioner has not responded and the time to do so has expired. This matter is ripe for disposition.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner now attempts to challenge the validity of the convictions in Case No. 3:05-cr-14 by attacking the prior 1993 conviction pursuant to Johnson. However, Petitioner's recent challenge to the 1993 conviction was unsuccessful and that conviction is no longer open to direct or collateral attack. See McDaniel, 85 F.4th at 176. Petitioner's present § 2255 claims hinge on the validity of the 1993 conviction, however, Petitioner may not challenge the validity of that conviction in the instant § 2255 proceeding. See Daniels v. United States, 532 U.S 374 (2001) (absent rare circumstances, an individual may not challenge his sentence pursuant to § 2255 on the ground that his prior convictions were unconstitutionally obtained). Accordingly, Petitioner is

now "without recourse" to challenge the validity of the prior conviction in the instant action. Daniels, 532 U.S. at 382. The Government's Motion to Dismiss will, therefore, be granted.[3]

## IV. CONCLUSION

For the reasons stated herein, the Government's Motion to Dismiss is granted and the Petitioner's Motion to Vacate is dismissed.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The United States of America's Motion to Dismiss Petitioner's Successive Motion to Vacate [Doc. 16] is **GRANTED**.

2. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is **DISMISSED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

4. The Clerk is directed to terminate this action.

Signed: December 15, 2023

Robert J. Conrad, Jr.
United States District Judge

---

[3] The Government further notes, and Petitioner does not dispute, that the Johnson challenge to the prior § 924(c) conviction fails on the merits, and that Petitioner waived his challenge to the conviction in Count Four by stipulating that the 1993 conviction is a crime of violence. [See Doc. 16 at 4-5].